IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELISHA L. GRESHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-982-GMS |
| | ) |
| STATE OF DELAWARE STATE | ) |
| BENEFITS OFFICE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Elisha L. Gresham ("Gresham"), who proceeds *pro se*, commenced this action on October 24, 2016. (D.I. 2.) The defendant State of Delaware State Benefits Office, Office of Management & Budget ("SBO") moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (D.I. 13.) Gresham opposes and moves for leave to amend. (D.I. 16.) She also seeks injunctive relief. (D.I. 15, 17.)

## II. BACKGROUND

Gresham was employed by the Delaware Department of Health and Human Social Services ("DHSS") until her employment was terminated effective November 18, 2015. Gresham sues the SBO for short and long term disability payments. (D.I. 2 at 2, 7.)

Prior to her termination, Gresham was out on a medical leave and been awarded short term disability benefits by the State of Delaware's disability insurance carrier, The Hartford. (*Id.* at 3-4.) The short term disability benefits were discontinued on September 18, 2015, and

Gresham went through several dissatisfying appeals.[1] (*Id.* at 4.) On September 13, 2016, the SBO advised Gresham that the State Employee Benefits Committee had denied Gresham's appeal for an extension of short term disability benefits for the period beyond September 20, 2015. (D.I. 12 at 14.) In the same letter, Gresham was advised of her right to appeal to the Delaware Superior Court within thirty days of the postmark of the decision. (*Id.*) The letter referred Gresham to a web-site explaining the appeals process. (*Id.*) Gresham received the letter on or about September 16 or 17, 2016. (D.I. 2 at 5.)

Gresham alleges that the SBO knew she had no money to proceed with the appeal and knew that her chances of succeeding were unlikely. (*Id.*) Gresham spoke to the Superior Court's Prothonotary's office on four different occasions from September 16, 2016 through October 18, 2016, for guidance on how to file an appeal, but she did not file an appeal. (*Id.* at 4.)

Gresham alleges that she was denied disability benefits despite medical recommendations and advice from credible medical experts. (*Id.* at 6.) Gresham alleges that her "condition is still medically diagnosed as being permanent," and she has been released by her physician to attempt to perform part-time work with limitations, accommodations, and restrictions. (*Id.*) Gresham seeks disability payments from October 2015 through November 2017. (*Id.* at 10.)

The State moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Gresham opposes and seeks leave to amend.

---

[1] During this time, Gresham was seeking unemployment benefits. She was awarded unemployment benefits on February 23, 2016. (D.I. 12 at 6.)

## III. STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### B. Fed. R. Civ. P. 12(b)(6)

Because Gresham proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted).

3

Thus, the court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads

4

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Finally, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## IV. DISCUSSION

### A. Exhaustion

It is unclear under what theory Gresham proceeds, but given her displeasure with the denial of disability benefits, it may be that she alleges due process violations. SBO seeks dismissal because Gresham failed to exhaust her State administrative remedies.

Delaware law provides a procedure to determine an employee's eligibility for short term disability benefits. *See* 29 Del. C. § 5258; *Mossinger v. State*, 2015 WL 2379079, at *5-6, (Del. Super. Apr. 17, 2015). The procedure is as follows:

> The carrier shall notify a participating employee of its determination of the employee's eligibility for short-term disability benefits in writing by certified mail, return receipt requested, within 10 days of the carrier's determination. Within 90 days of the postmark date of the carrier's written notice of its determination, an aggrieved participating employee may appeal any denial of disability benefits by filing a written petition setting forth with particularity the grounds for appeal with the carrier. The carrier shall have the authority to reverse all or any part of its initial decision to deny benefits and shall notify the employee, the employing organization and Statewide Benefits in writing by certified mail, return receipt requested within 10 days of the carrier's determination.
>
> Within 20 days of the postmark date of the carrier's determination of appeal an aggrieved participating employee may file a second level appeal of denial of disability benefits by filing a written petition setting forth with particularity the grounds for second appeal, with the Appeals Administrator, who shall conduct an informal review, and who shall have the authority to reverse all or any part of the decision of the carrier to deny benefits. The Appeals Administrator or designee,

shall issue a final written decision and shall mail it to the employee by certified mail, return receipt requested, within 30 days of speaking with the employee. The Committee shall designate an officer of the Division of Statewide Benefits to act as the Appeals Administrator.

If the Appeals Administrator affirms the carrier's decision to deny disability benefits or any part thereof, an aggrieved employee may appeal to the Committee within 20 days of the postmark date of the notice of the determination from the Appeals Administrator by filing a written petition with the Committee setting forth with particularity the grounds for appeal. The Committee may designate an appropriate officer of the Department of Human Resources as a hearing officer to hear evidence presented by the participating employee or, in its sole discretion, it may decide to hear the appeal directly. The Committee or hearing officer, as the case may be, shall determine whether the determination to deny benefits complies with the applicable disability plan adopted by the Committee. . . .

(3) Where the Committee assigns the matter to the hearing officer, the hearing officer shall decide the matter and prepare a report containing the findings of fact, and conclusions of law, within 60 days of the hearing, and shall transmit the report, with the full record of the hearing, to the Committee.
(4) The Committee may accept or modify the hearing officer's final report, and shall notify the parties of its action by certified mail, return receipt requested within 60 days.
(5) If the Committee elects to hear the matter directly and not to assign it to the hearing officer, it shall issue its final decision containing findings of fact and conclusions of law, within 60 days of the hearing, and shall notify the parties of its action by certified mail, return receipt requested.
(6) The Committee's final action may be appealed to the Superior Court within 30 days after it is mailed to the parties by the Committee. The appeal shall be on the record.

29 Del. C. § 5258.

Gresham is clear that she did not exhaust the State remedies available to her because she did not file an appeal in the Superior Court. Gresham attempts to excuse her failure by blaming the Prothonotary for not addressing her questions regarding the matter of the filing fee. She also argues that she is within her rights to proceed with the action in federal court due to the State's pattern of bias action towards her. (D.I. 11 at 3.)

In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to her, unless those processes are unavailable or patently inadequate. *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). "[A] state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail [her]self of them." *Id.* (quoting *Dusanek v. Hannon*, 677 F.2d 538, 543 (7th Cir. 1982)). Further, a due process violation "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants. *Id.* (citing *McDaniels v. Flick*, 59 F.3d 446, 460 (3d Cir. 1995).

Gresham has a process to appeal available to her and nothing indicates the process is patently inadequate. Rather, Gresham did not give the process a chance to work. Even when viewing the facts in the light most favorable to Gresham, the court concludes that she did not avail herself of the procedures provided given that she failed to timely file an appeal before the Delaware Superior Court. Accordingly, the court will grant the motion to dismiss.

## B.  Other Grounds for Dismissal

The court has also considered the SBO's jurisdictional and Eleventh Amendment immunity grounds for dismissal.[2] With regard to jurisdiction, Gresham asserts that a federal defendant gives rise to this court's jurisdiction. However, the defendant is a State, not a federal, entity. Nor does the complaint refer to a violation of a federal right or statute. *See* 28 U.S.C.

---

[2] The court sees no need to address whether the complaint fails to articulate a plausible federal claim given that dismissal is appropriate on other grounds.

§ 1331. Finally, there is no diversity of citizenship. *See* 28 U.S.C. § 1332.

In addition, the claim against the SBO is barred by reason of the Eleventh Amendment. The SBO (or Office of Management and Budget) is an agency of the State. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). While states can waive their Eleventh Amendment immunity, *see Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002), Delaware has not done so, *see Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (unpublished). Therefore, the court will also grant the motion to dismiss on the grounds of lack of jurisdiction and Eleventh Amendment immunity.

## V. MOTION TO AMEND

Gresham seeks leave to amend to add as a defendant the State of Delaware Division of Revenue ("DOR"). (D.I. 16.) She explains that the DOR seeks payment of alleged monies due it by Gresham.

Pursuant to Fed. R. Civ. P. 15(a)(2), courts "should freely give leave [to amend] when justice so requires." However, "undue delay, bad faith, dilatory motive, prejudice, [or] futility" could all "justify a denial of leave to amend." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6). *Lejon-Twin El v. Marino*, \_\_ F. App'x \_\_, 2018 WL 317265, at *2 (3d Cir. Jan. 8, 2018)

(unpublished) (quoting *Shane*, 213 F.3d at 115). In evaluating whether a plaintiff has stated a claim upon which relief could be granted, the court accepts "all factual allegations as true, construes the complaint in the light most favorable to the plaintiff, and determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *See Bronowicz v. Allegheny Cnty.*, 804 F.3d 338, 344 (3d Cir. 2015).

Here, Gresham seeks to add as a defendant a State agency, the DOR. However, the DOR, is an agency of the State of Delaware, the State's Eleventh Amendment extends to it, and, therefore, it is immune from suit. *See Walter v. Division of Revenue for State of Delaware*, 961 F. Supp. 97, 99 (D. Del. 1997), *aff'd,* 141 F.3d 1155 (3d Cir. 1998) (table). Because the DOR is immune from suit, amendment is futile. Accordingly, the court will deny Gresham's motion for leave to amend. (D.I. 16.)

## VI. CONCLUSION

For the above reasons, the court will: (1) grant the defendant's motion to dismiss (D.I. 10); (2) deny as futile the plaintiff's motion for leave to amend (D.I. 16); and (3) deny as moot the plaintiff's motions for injunctive relief (D.I. 15, 17).

An appropriate order will be issued.

_____
UNITED STATES DISTRICT JUDGE

____Feb 5____, 2018
Wilmington, Delaware