IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELISHA L. GRESHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 16-982-GMS |
| | ) | |
| STATE OF DELAWARE STATE BENEFITS OFFICE, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM**

The plaintiff, Elisha L. Gresham ("the plaintiff"), who appears *pro se*, commenced this action on October 24, 2016. On February 5, 2018, the court granted the defendant's motion to dismiss. (D.I. 19, 20.) The plaintiff moves for reconsideration. (D.I. 21.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA,*

1

Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The plaintiff moves for reconsideration on the grounds that she was discriminated against, she has been working on her cases, and none of the facts were rebutted by the defendant. She questions how the court could have ruled in its favor and dismissed the case. The court has again reviewed the complaint, motion to dismiss, and applicable law and finds that the plaintiff has failed to demonstrate any grounds for reconsideration. Accordingly, the motion for reconsideration (D.I. 21) will be denied.

_March 12_, 2018
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE